SHELBOURNE J. MASON #205128 )
)
v. ) NO. 2:04-CV-131
)
DR. DANIEL PAUL; SULLIVAN )
COUNTY JAIL MEDICAL STAFF; )
SULLIVAN COUNTY JAIL; and )
STATE OF TENNESSEE )

# MEMORANDUM and ORDER

Shelbourne J. Mason, a state prisoner who was formerly housed in the Sullivan County Jail in Blountville, Tennessee, brings this civil rights complaint under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED.** However, since he is a prisoner, he is **ASSESSED** the full filing fee of one hundred, fifty dollars ($150.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the fee-increase.

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on April 27, 2004.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *McGore*, 114 F.3d at 607.

The complaint and several attachments contain the following allegations. On March 31, 2003, while the plaintiff was in the Sullivan County Jail, he began to experience severe abdominal pains. He filed an inmate sick call request. For eleven days after the request, his medical care consisted of a urine test and temperature check, although he was also placed on the list to see the jail doctor, Daniel Paul, M.D., who is the lead defendant in this lawsuit. When the plaintiff saw Dr. Paul, the defendant doctor gave him antibiotics (which were ineffective) and told him that his testicular glands were swollen. He told the doctor that the

---

[2] Send the payments to:  Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

antibiotics were not helping and might actually poison him, if something inside him was ruptured.

On April 13, 2003, Dr. Paul sent the plaintiff to the Emergency Room at the Indian Path Medical Center in Kingsport, where he was told that his stomach and intestines were not emptying properly; prescribed a medication (Reglin) to release tension on his stomach and bowels and allow his (gastrointestinal?) system to empty; and directed to start the medication the next morning. He was sent back to the hospital the next morning for an ultrasound, and upon his return requested his medication. The medical staff told him that the medication had to be ordered; that it would take 4-6 days to arrive; and that he could not have his John Deere Health Insurance Plan pay for the medication (which, presumably, would have eliminated the need to order it and would have allowed him to obtain his medication more quickly).

Due to the delay in receiving his medication, his intestines/colon ruptured, and this forced him to be rushed back to the hospital for emergency surgery on April 24, 2003. Thereafter, a colostomy was performed on the plaintiff; part of his colon and intestine were removed; and a colostomy pouch was attached. The pouch remained in place until August of 2003, when the surgery was reversed. During the time he was wearing the pouch, however, the medical staff denied him proper supplies/treatment to enable him to keep the pouch clean, and they did so upon orders of the defendant doctor. Finally, the plaintiff was denied proper medication for pain from May 1-August 12, 2003. The Court infers that the plaintiff is

3

asserting claims for violations of his Eighth Amendment right to medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (Deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment.)

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint, *see Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000)), and identifying each person later named as a defendant in the federal lawsuit. *See Thomas v. Woolum*, 337 F.3d 270, 735 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001).

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his confinement and a district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

4

The plaintiff asserts, in paragraph II of his complaint, that there is an institutional grievance procedure;[3] that he filed several grievances relating to his complaint; that his family and pastor even contacted the Jail and the medical staff; that, with one exception, all his grievances were misplaced; and that the response to the one grievance which was not misplaced was that "the Jail Medical Staff would get to [the plaintiff] and [his] needs and problems when time allows."

The plaintiff has made contradictory allegations by contending that he filed grievances—one of which garnered a response, while at the same time, contending that he was told that he could not "grieve a medical issue." Be that as it may, the plaintiff has not submitted copies of any of those grievances, nor has he shown—other than his conclusory allegation—that he could not have filed grievances presenting the facts upon which rests the medical claims in his federal lawsuit. *See Rancher v. Franklin County*, 122 Fed.Appx. 240, 2005 WL 351138 (6th Cir. Feb. 14, 2005) (where inmate provides evidence demonstrating the existence of a flat rule against medical grievances, she is excused from complying with § 1997e's requirements).

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It

---

[3] Originally, it was unclear as to whether the institutional grievance system utilized by the plaintiff was the one at the Whiteville Correctional Facility (WCF)—where he currently is housed—or the one at the Sullivan County Jail. His later assertions, however, clarify that his references to the grievance system pertain to the Sullivan County Jail.

has also held that every single claim must be exhausted through the grievance system and that the § 1997e requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The plaintiff's allegations concerning the exhaustion issue contain no particularized averments to show that he has exhausted his administrative remedies as to *all* claims raised in his complaint.[4] Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

All pending motions are **MOOT**.

A separate order will enter.

   ENTER:


         s/Thomas Gray Hull
         THOMAS GRAY HULL
          SENIOR U. S. DISTRICT JUDGE

---

[4] A prisoner who makes detailed averments as to every claim raised in his complaint, specifically describing the grievance proceedings in which he presented to jail authorities the facts underlying his § 1983 claims and the outcome of those proceedings, exhausts his administrative remedies. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996-97 (6th Cir. 2004). This is so, regardless of whether he receives a response to his grievance. *Id.*

6

Case 2:04-cv-00131   Document 6   Filed 06/27/05   Page 6 of 6   PageID #: 6